Catron, Ch. J.
delivered the opinion of the court.
We must take the case as complainant states it, to be true. He alleges, the warrant for 274 acres was on the 10th of August, 1807, the property of Thomas Keef; that then Keef entered the same in the 2d district; that the land was lawfully surveyed, and the survey recorded; that after this done, said Keef, for a valuable consideration, assigned and transferred the plat and certificate, in legal form, to Stephen Montgomery, which transfer was attested by two witnesses; and that Stephen Montgomery, on a separate paper, transferred his right and interest to complainant, Hogue, for a valuable consideration.
There is no evidence, that the transfer alleged by the bill was made, except that Keef proves he transferred the location. The other proof is widely different from the allegations. It appears by a copy of the warrant, that it was located the 10th of August, 1807, in the name of Keef. On the same day, he assigned the warrant and location to John Trice. Anderson and Strother were the locators. The entry was surveyed in July, 1808. The entry was afterwards made void by Anderson, one of the locators. The proof shows, that Trice purchased the warrant from Keef, and after-wards gave a written order in favor of Stephen Montgomery, directed to Keef, to assign the warrant to *246 Montgomery. Whether this was before or after the en-^ry wag ma(]e^ ¿oes no^. appear. The order is not produced, or its non-production accounted for; consequently, verbal evidence of its contents cannot be heard.
Trice'remanded the order, and instructed Keef not to assign to Montgomery, who sued Keef and recovered a judgment against him. This, Keef says, he discharged by transferring the plat and certificate. This must have happened long after Keef assigned to Trice. The plat was not returned until July 1808. The suit of Montgomery against Keef, could not affect Trice; nor could the assignment of the plat and certificate, if made by Keef to Montgomery, defeat the assignment previously made by Keef to Trice. Keef had no interest to assign.
Trice has long been dead. The legal title to the warrant, by the assignment of 1807, was vested in John Trice; at his death vested in his heirs, and who, from any thing appearing on the warrant, are now entitled to its benefit, and the land entered by virtue thereof, in the name of Joseph Lynn, in the Western District. It does not appear any grant has issued to Lynn. Trice’s heirs are no parties to this suit; and if they were, there is no evidence that Stephen Montgomery ever paid John Trice any consideration for the warrant.
A specific decree is sought against Lynn. He stands in the situation of Trice’s heirs, even could their title be disregarded. On the consideration paid to J. Trice by Stephen Montgomery, must the decree sought proceed. To simplify the matter, suppose Montgomery had sued Trice for a specific performance, must he not have alleged and proved a good consideration? Without such an allegation, the bill would have been de-murable; without proof of the averment when made, it would have been dismissed; here is neither allega, tion nor proof.
*247 Keef. the complainant’s witness, says, he had no interest m the warrant, and acted as the mere agent oi Trice, when he accepted the order to assign to Montgomery. He then had, or afterwards did, deprive himself of all power over the warrant, by a legal assignment to Trice. The warrant was in the possession of Trice’s widow, at the time this bill was filed, and why Trice’s heirs were not made parties, is not accounted for. They were the legal owners of the warrant from its face; it was in the possession of their agent, perhaps guardian; he assigned it to Bradley in 1820; he to M’Corcle, and he to Lynn. This bill was filed in 1816; from that time to September, 1820, Trice’s heirs were the only necessary parties.
To the assignment from Keef to Trice, in 1807, it is objected, that it is not proved by the defendants. It appears on the face of the warrant, as passed by the commissioners for the adjudication of land claims,’ in 1820, and is prima facie' evidence of its own validity; if forged, as intimated by complainants’ counsel, the forgery must be proved by complainant. Upon this description of record evidence, rest the titles to millions of acres of land in this state. An intimation by this court, that it would disregard the adjudication of the commissioners, and throw the proof on the grantee, that he came by the warrant by regular and legal assignments, would shake the landed titles of the country to a distressing extent. The complainant has not shown any grounds for relief, and the bill must be dismissed.
Bill dismissed.